■ In the Matter of IRWIN ISRALEWITZ, Respondent, v ARTHUR LEVITT, as Comptroller of the State of New York, et al., Appellants.—Appeal from a judgment of the Supreme Court at Special Term, entered February 27, 1978 in Albany County, upon an order which granted petitioner's application in a proceeding pursuant to CPLR article 78, seeking (1) to vacate an order issued by the Comptroller of the State of New York, and (2) to grant petitioner retirement service credit with the New York State Employees' Retirement System for the periods March 16, 1974 to March 15, 1975, inclusive, and from October 15, 1975 to January 17, 1976, inclusive. The dispositive issue upon this appeal is whether or not the following provisions of section 41 of the Retirement and Social Security Law may reasonably be interpreted as requiring a person on leave without pay to return to work prior to retirement in order to claim the benefits of such provisions: "§ 41 Allowances for Service * * * i. Allowances during leaves of absence without pay. 1. Time during which a member is absent on leave without pay: * * * (d) Shall be included in computing member service and final average salary in case such a leave of absence commenced during the period from April first, nineteen hundred sixty-six through June thirtieth, nineteen hundred seventy-four, and was granted for a period of not more than two years to enable the member to perform services as a civilian officer or employee of the Federal government or one of its agencies or a contractor of the United States Agency for International Development engaged to perform the work of such agency, the United Nations, any other international organization of which the United States of America is a member, or a foreign government only if: (1) The comptroller allows inclusion of such time for retirement purposes at the time such leave of absence is granted, and (2) Payment during such leave of absence or within one year after the end of such leave of absence is made by the employee". The claimant was granted a leave

without pay for the purposes specified in the above-quoted clause (d) of section 41. The only conditions specified in the said clause (d) are those quoted hereinabove requiring approval of the Comptroller and payment by the employee and such conditions were complied with. There is nothing in this statute which would explicitly or impliedly require that the member claimant return to State employment prior to retirement in order to include the time as member service. As Special Term observed, it is to be expected that ordinarily employees will be returning to State service after the leave of absence; however, the respondent has not established that the Legislature intended to require a return to State service. In sum, the pertinent provision of section 41 of the Retirement and Social Security Law is not vague and it sets forth conditions for the grant of retirement credit. The petitioner has fulfilled those conditions to the extent of the credit granted in the judgment appealed from. The further attempt of the Comptroller to add a requirement of return to State service following the leave of absence is unreasonable. Judgment affirmed, with costs. Greenblott, J. P., Staley, Jr., Main, Mikoll and Herlihy, JJ., concur.